IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

DANTE SERRANO                                                                                           PLAINTIFF

v.                                         Civil No. 6:21-cv-06067

SUPERVISOR JOE JONES,
Trinity Services Group;
SHERIFF MIKE MCCORMICK, et al.                                                       DEFENDANTS

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. The case is before the Court on Plaintiff's failure to prosecute this case.

**I.     DISCUSSION**

On April 28, 2021, Gary M. Chambers filed a civil rights action pursuant to 42 U.S.C. § 1983 on behalf of himself and 16 other plaintiffs. Dante Serrano ("Serrano") is one of the 16 plaintiffs. His claims were severed, and this case opened on his behalf. Serrano was alleged to have been incarcerated in the Garland County Detention Center when this action was filed.

By Order (ECF No. 2) entered on April 28, 2021, Serrano was directed to file an amended complaint and an application to proceed *in forma pauperis* ("IFP"). The amended complaint and IFP application were to be filed by May 27, 2021. Serrano was further advised that he had 30 days from his transfer or release to provide the Court with his change of address. Serrano was advised that if he failed to comply with the Order the case "shall be subject to dismissal."

On May 26, 2021, all mail sent to Serrano, including the Order (ECF No. 2) outlined above, was returned as undeliverable with a notation that Serrano was no longer at the facility. Serrano

1

has not contacted the Court in anyway. The Court has not had an accurate address for Serrano since April of 2021.

The Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the ground that the plaintiff failed to prosecute or failed to comply with an order of the court. Fed. R. Civ. P. 41(b); *Line v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Additionally, Rule 5.5(c)(2) of the Local Rules for the Eastern and Western Districts of Arkansas requires parties appearing *pro se* to monitor the case, and to prosecute or defend the action diligently.

## II. CONCLUSION

For these reasons, it is recommended that this case be **DISMISSED WITHOUT PREJUDICE** pursuant to Fed. R. Civ. P. 41(b), based on Serrano's failure to prosecute this case and his failure to comply with Local Rule 5.5(c)(2).

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 2nd day of July 2021.

/s/ Mark E. Ford
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE